1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ROBERT NITZKE, et al.,

11              Plaintiffs,                    No. CIV S-06-1937 FCD KJM PS

12       vs.

13   CORRINE SEIVERS,                          ORDER AND

14              Defendant.                     FINDINGS AND RECOMMENDATIONS

15   _____/

16              Plaintiffs have filed an amended complaint alleging claims pertaining to an

17   arbitration and settlement agreement entered in state court proceedings.[1]  Because there is no

18   apparent basis for subject matter jurisdiction evident in the amended complaint, plaintiffs were

19   ordered to show cause why this action should not be dismissed for lack of subject matter

20   jurisdiction.  Plaintiffs have filed a response that fails to demonstrate subject matter jurisdiction.

21   /////

22   /////

23   _____

24       [1]  Plaintiffs filed a motion to amend the complaint.  The motion will be denied as moot
     because plaintiffs could file an amended complaint as a matter of right. Fed. R. Civ. P. 15(a).
25   Plaintiffs also filed a motion for default judgment.  Plaintiffs have not filed proper proofs of
     summons and it appears defendants have not yet been properly served.  In light of the court's
26   recommendation that this action be dismissed under the Rooker-Feldman doctrine, the court will
     deny the motion for default judgment.

                                               1

1    In the amended complaint, plaintiffs raise claims related to an arbitration

2    proceeding and settlement agreement.  Although the amended complaint references "Exhibit A,"

3    the exhibit is not attached to the amended complaint.  However, it appears from the original

4    complaint that plaintiffs are attempting to vacate an arbitration award entered in state court

5    proceedings, relying on California Code of Civil Procedure § 1141.20.

6    A federal district court does not have jurisdiction to review errors in state court

7    decisions in civil cases.  Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476

8    (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415 (1923).  "The district court lacks subject

9    matter jurisdiction either to conduct a direct review of a state court judgment or to scrutinize the

10   state court's application of various rules and procedures pertaining to the state case."  Samuel v.

11   Michaud, 980 F. Supp. 1381, 1411-12 (D. Idaho 1996), aff'd, 129 F.3d 127 (9th Cir. 1997).  See

12   also Branson v. Nott, 62 F.3d 287, 291-92 (9th Cir.1995) (finding no subject matter jurisdiction

13   over section 1983 claim seeking, inter alia, implicit reversal of state trial court action);

14   MacKay v. Pfeil, 827 F.2d 540, 544-45 (9th Cir. 1987).  That the federal district court action

15   alleges the state court's action was unconstitutional does not change the rule.  Feldman, 460 U.S.

16   at 486.  Moreover, claims raised in federal district court need not have been argued in the state

17   judicial proceedings to be barred by the Rooker-Feldman doctrine.  Id. at 483-84 & n.16.  If

18   federal claims are "inextricably intertwined" with a state court judgment, the federal court may

19   not hear them.  Id.  "[T]he federal claim is inextricably intertwined with the state-court judgment

20   if the federal claim succeeds only to the extent that the state court wrongly decided the issues

21   before it."  Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 25 (1987) (Marshall, J., concurring).

22   Stripped to its essence, this action is one for federal court review of state court

23   proceedings.  As is evident from plaintiffs' original complaint, plaintiffs seek to vacate an

24   arbitration award entered in state court proceedings.  The court finds the instant action amounts

25   to an attempt to litigate in federal court matters that are inextricably intertwined with state court

26   decisions.

1    Accordingly, the court will recommend this action be dismissed for lack of

2  subject matter jurisdiction under the Rooker-Feldman doctrine.

3    Accordingly, IT IS HEREBY ORDERED that:

4    1.  Plaintiffs' motion for default judgment is denied;

5    2.  Plaintiffs' motion to amend the complaint is denied as moot; and

6    IT IS HEREBY RECOMMENDED that this action be dismissed.

7    These findings and recommendations are submitted to the United States District

8  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten

9  days after being served with these findings and recommendations, any party may file written

10  objections with the court and serve a copy on all parties.  Such a document should be captioned

11  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

12  shall be served and filed within five days after service of the objections.  The parties are advised

13  that failure to file objections within the specified time may waive the right to appeal the District

14  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

15  DATED:  September 10, 2007.

16  _____

17  U.S. MAGISTRATE JUDGE

18

19

20

21  006
   nitzke-seivers.57

22

23

24

25

26

3